UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOEMI ARZATE, §<br>    *Plaintiff,* §<br>§<br>v. §<br>§<br>§<br>ARTHUR WATKINS and §<br>UNITED STATES OF AMERICA §<br>    *Defendants.* § | | Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE CHIEF U.S. DISTRICT JUDGE:

COMES NOW, NOEMI ARZATE, Plaintiff, hereinafter "Plaintiff", and files this her Original Complaint, in accordance with Federal Rules of Civil Procedure, and for cause of action would respectfully show unto the Honorable Court and Jury the

### I.
### Parties

1. Plaintiff Noemi Arzate is a resident of Houston, Harris County, Texas.

2. Defendant Arthur Watkins is a natural person residing in Harris County, and may be served at 5050 Sunflower #86, Houston, Texas 77033 or wherever he may be found.

1

3. Defendant United States of America is a governmental entity and may be served with process through the United States Attorney for the Southern District of Texas, Jennifer Lowery, c/o U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002. It may also be served through the United States Attorney General, Merrick Garland, c/o United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

## II.
## Jurisdiction

4. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, because the claims involve a question of federal law under 28 U.S.C. § 1346. This Court further has pendant and ancilliary jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367(a).

## III.
## Venue

5. Venue is proper in this cause in the Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because all or substantial part of the events which gave rise to this cause of action occurred in the Southern District of Texas.

## IV.
## Facts

6. On or about November 28, 2020, Plaintiff was traveling on 7300 Chimney Rock and 5400 Aspen St. when Defendant Watkins, while under the

course and scope of his employment with Defendant United States of America, failed to yield the right of way, ran the stop sign and violently t-boned Plaintiff's vehicle. Defendants failed to exercise reasonable care and such failure proximately caused the collision in question. Defendants' failure to exercise reasonable care caused Plaintiff's damages.

## V.
## Causes of Action

**A.** *Negligence*

7. The acts and omissions of the Defendants as described above constitute negligence. The Defendants failed to exercise reasonable care and such failure proximately caused the occurrence in question. Defendant's failure to exercise reasonable care caused Plaintiff's damages.

8. Defendant Watkins failed to exercise ordinary care in the operation of a motor vehicle in one or more of the following ways:

   a. Failure to keep a proper look-out;

   b. Failure to obey traffic signals;

   c. Failure to steer to avoid collision;

   d. Failure to control vehicle;

   e. Failure to exercise due care and diligence in operation of his vehicle;

  f. Failure to keep proper speed;

  g. Driver inattentiveness;

  h. Failure to follow and abide by the traffic laws of the State of Texas

  i. Failure to operate the vehicle in a safe manner; and

  j. Driving while distracted.

**B.** *Respondeat Superior*

9. Defendant United States of America is vicariously liable for the above listed acts and/or omissions of its principal, employee, representative or agent, Defendant Watkins, as Defendant Watkins was acting in the course and scope of his employment/partnership/ association with Defendant United States of America.

**C.** *Negligent Entrustment of a Motor Vehicle*

10. Defendant United States of America is also liable under negligent entrustment of a motor vehicle. Defendant United States of America entrusted the vehicle to Defendant Watkins. Defendant Watkins was reckless in the operation of the vehicle and Defendant United States of America knew or should have known that Defendant Watkins was a reckless driver. Defendant Watkins was negligent in the operation of the vehicle for the reasons stated above and this negligence proximately caused Plaintiff's injuries.

**D.**     *Negligent Hiring*

11.     Defendant United States of America is also liable for negligent hiring. Defendant United States of America owed Plaintiff a legal duty to hire, supervise, train or retain competent employees that would be operating their vehicles. Defendant United States of America breached this duty, and the breach was the proximate cause of Plaintiff's injuries.

**E.**     *Gross Negligence*

12.     Defendants' conduct, as described above, constitutes gross negligence as that term is defined in Texas. Specifically, the Defendants' acts and omissions, when viewed objectively from the standpoint of the Defendants at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and which the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff.

13. Each of these acts/omissions above, whether taken singularly or in any combination, constitutes negligence. Defendants' negligence proximately caused injuries and other losses as specifically set forth herein, all of which Plaintiff has suffering and which Plaintiff will continue to suffer in the future and for the remainder of his life.

*F.     Federal Torts Claims Act*

14. Defendant has waived the defense of sovereign immunity, as all tort claims brought against it are being brought under the Federal Torts Claims Act, 28 U.S.C. § 1346.

15. Plaintiff has satisfied as notice and administrative claim prerequisites required by the Federal Tort Claims Act, namely 28 U.S.C. § 2675(a). Specifically, Plaintiff filed a petition for injuries on October 24, 2022 in state court.

**VI.**
**Damages**

16. As a result of the occurrence that forms the basis of this lawsuit, as stated above, and as a direct and proximate result of Defendants' negligence, Plaintiff has suffered serious injuries, will likely sustain additional damages in the future and is entitled to recover:

6

a. Past medical bills and expenses incurred as a proximate result of the occurrence made the basis of this lawsuit;

b. Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the occurrence made the basis of this lawsuit;

c. Mental anguish, physical pain and suffering, and loss of enjoyment of life in the past and in the future;

d. Physical impairment in the past and in the future;

e. Physical disfigurement in the past and in the future;

f. Lost wages;

g. Pre-judgment and post-judgment interest; and

h. Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants answer the allegations herein, and upon trial thereof, Plaintiff have and recover judgment against Defendants for all damages and injuries suffered and incurred, for pre-judgment interest, for interest on the judgment, for court costs, and for such relief, both in law and in equity, that this Court establishes Plaintiff is entitled to.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By: <u>*/s/ R. O. Cantu*</u>
Clive Markland
Federal Id. No. 585658
State Bar No. 24027475
Johnny P. Papantonakis
Federal Id. No. 30065
State Bar No. 24032927
Rob O. Cantu
Federal Id. No. 3180919
State Bar No. 24094580
Alejandra Muñoz Torres
State Bar No. 24108858
2555 N. MacGregor Way
Houston, Texas 77004
713.630.0900 (Telephone)
713.630.0991 (Fax)
cm@robertsmarkland.com
jp@robertsmarkland.com
rc@robertsmarkland.com
am@robertsmarkland.com
eservice@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**