## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NOEMI ARZATE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No.  4:22-cv-04108 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MOTION TO STRIKE EXPERT DISCLOSURES

Defendant United States of America, by its attorneys, moves this Court to strike the Plaintiff's expert disclosures and in support of said motion states as follows:

### I.    NATURE AND STAGE OF THE PROCEEDING

This lawsuit, filed by Plaintiff, Noemi Arzate, arises out of the November 28, 2020 motor vehicle accident between the Plaintiff's vehicle and a United States Postal Service vehicle driven by employee Arthur Watkins. Dkt. 1. Plaintiff has designated her treating medical providers as her experts to testify regarding their examination, diagnosis, care, and treatment of any injuries sustained by the plaintiff. Dkt. 16. Plaintiff has also designated her treating providers as offering opinions regarding Plaintiff's condition prior to the accident, proximate causation, and Plaintiff's physical limitations. *Id.* Plaintiff has failed to fully comply with Rule 26(a)(2)(C) because the experts are not properly identified, the disclosures lack a summary of their opinions, and the disclosures lack a statement of facts supporting their opinions.

## II.    STATEMENT OF THE ISSUES

1.  Whether Plaintiff's expert disclosures comply with FRCP 26(a)(2)(A) and (C).

## III.    STATEMENT OF FACTS

### A.  Plaintiff's Expert Disclosures

Pursuant to this Court's scheduling order, Plaintiff's deadline for disclosing experts was October 17, 2023. Plaintiff served and filed her expert disclosures on October 3, 2023, designating only her treating providers as her testifying experts. Dkt. 15. In response, Defense counsel informed Plaintiff's counsel that the expert disclosure did not comply with FRCP 26(a)(2)(A) and (C), which require individual witnesses to be identified and the subject matter *and* summary of the facts and opinions on which the individual witness will testify to be disclosed. Deficiency Correspondence, attached as Exhibit 1. In response, Plaintiff filed amended expert disclosures on October 17, 2023. Dkt. 16. The amended expert disclosures identified individual providers for each medical facility as her non-retained experts but in designating her experts, Plaintiff stated as follows:

> **Any and all** doctors, nurses, EMT's, employees, owners, agents, representatives, and custodian of records **including but not limited to:**

Furthermore, in designating her testifying experts, Plaintiff stated as follows:

> The individual(s) identified below provided health care to Plaintiff and may be called to testify as fact and expert witnesses to express opinions regarding their examination, diagnosis, care, and treatment of any injuries to Plaintiff within their area of expertise. They may also express any opinions contained in their medical records and depositions, if any. The testimony of these physicians, nurses, and other health care providers **may include, but will not be limited to, the following subject matters:** Plaintiff's condition and prognosis prior to the conduct in

question; proximate causation issues regarding Plaintiff's injuries that are the subject of this case; Plaintiff's physical limitations, the significance of any of their findings, diagnoses, studies/tests and any matter contained in Plaintiff's medical records and/or depositions. **A description of the substance of the testimony concerning such witnesses is largely accessible to Defendant through Plaintiff's medical records and any witness depositions, which may be taken**. To the extent any of these health care providers provide reports at the request of Plaintiff, they will be provided, but there are none at this time other than those contained in their records and/or depositions. Additional elaboration on the opinions held by and the facts known to such witnesses may be obtained through their depositions and Plaintiff reserves the right to elicit, at the time of trial, any such information from any of the depositions that are taken of such persons.

. . .

**All designated experts will testify as to Plaintiff's injuries, diagnoses, causes of the same within reasonable medical certainty, causation, medical treatment, and the reasonableness and necessity of the medical treatment and the bills thereof.**

Dkt. 16 (emphasis added).

## IV.    LEGAL STANDARD FOR RULE 26 EXPERT DISCLOSURES

Rule 26(a)(2)(C) governs the disclosures litigants must make before presenting a non-retained expert. Under this rule, a party intending to present a non-retained expert must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a). While designations under Rule 26(a)(2)(C) do not require excessive detail, "some specificity is required." *Tolan v. Cotton*, No. 09-CV-1324, 2015 U.S. Dist. LEXIS 121717, at *14 (S.D. Tex. 2015).

Under Rule 26(a)(2)(C), counsel presenting a non-retained expert, such as a treating physician, is required to provide a summary of the subject matter on which the expert will

testify, the expert's opinions, and the underlying factual basis for those opinions. *Kemp v. City of Houston*, No. 10-CV-3111, 2013 U.S. Dist. LEXIS 207981, at *9 (S.D. Tex. 2013) ("The extremely broad statements that Defendants provide under the list of multiple potential experts is insufficient to satisfy the Rule's requirements, as the statements essentially indicate that the witnesses *may* know *something* about this case."). Rule 26(a)(2)(C) requires the "summary of the facts" to contain "a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information." *Tolan*, 2015 U.S. Dist. LEXIS 121717, at *15 (internal citations omitted).

A party that fails to properly disclose a non-retained expert witness as required by Rule 26 "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1).

The Fifth Circuit looks to four factors in determining whether a Rule 26 violation is harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

## V.     ARGUMENT

### A. **Plaintiff Did Not Properly Identify Individual Experts**

Plaintiff has stated that she intends to call "[a]ny and all doctors, nurses, EMT's, employees, owners, agents, representatives, and custodian of records including but not limited

to" individual providers listed for each medical facility. Such a designation does not comply with Rule 26 and requires Defendant to guess as to who Plaintiff will actually call to testify. Plaintiff's "including but not limited to" language keeps the door open for her to call not only the listed provider for each business entity, but anyone else remotely associated with the business even though they have not been specifically identified.

A party does not satisfy Rule 26(a)(2)(A) by stating that it might call unnamed employees, records custodians, or representatives of identified business entities. In *Andres v. BP Expl. & Prod.*, No. H-19-622, 2020 U.S. Dist. LEXIS 231765, at *1 (S.D. Tex. June 4, 2020), plaintiff identified individual providers at medical facilities and also generically designated unnamed "physicians, staff, and/or custodian of records" at those medical facilities as non-retained expert witnesses. The court held that "Rule 26(a)(2)(A) requires the identity of each of her expert witnesses. Her disclosures do not provide the identities of the unnamed physicians, staff, and custodians of records she intends to call as expert witnesses and, therefore, are not in compliance with Rule 26(a)(2)(A)." *Id.* at *8. In the instant case, plaintiff has broadly disclosed "[a]ny and all doctors, nurses, EMT's, employees, owners, agents, representatives, and custodian of records including but not limited to". As the court held in *Andres,* "no reasonable person would interpret Rule 26 to allow an unnamed person to be disclosed as an expert. Therefore, Plaintiff's failure to comply with Rule 26(a)(2)(A) is not substantially justified." *Id.*

Similarly, in *Gulf Coast Shipyard Grp., Inc. v. Crescent Coatings & Servs.*, No. 1:14cv318-HSO-JCG, 2015 U.S. Dist. LEXIS 76456, at *11 (S.D. Miss. June 12, 2015), plaintiff filed expert witness designations that identified non-retained expert witnesses by stating "Peter

Jacobs, Johannes Loupsa, Tim Pham, Michael Christensen **or some other representative of**
**Wartsila North America, Inc.".** *Id. (*emphasis added). The court held that "it is plainly
insufficient for Plaintiff to state that it also might call unnamed employees of its
subcontractors. At a minimum, parties must disclose the 'identity of any person who may be
used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of
Evidence.'" *Id.* (quoting FED. R. CIV. P. 26(a)(2)(A)). Here, Plaintiff's disclosures are just as
broad. As in *Gulf Coast Shipyard* and *Andres,* Plaintiff should be limited to testimony only from
those persons specifically named in the disclosure.

### B. Plaintiff Has Not Complied with Rule 26(a)(C)(ii) – Summary of Facts and Opinions

For non-retained experts, Plaintiff must provide a summary of the facts and opinions
to which the witness is expected to testify. FRCP 26(a)(C)(ii). Plaintiff has not disclosed any
opinions for any treating physician, let alone a summary of those opinions, or any facts that
would support those opinions.

An expert disclosure that fails to provide a summary of facts or opinions regarding the
experts' anticipated testimony is deficient and warrants exclusion of those experts at trial. In a
factually similar case, *Carr vs. Montgomery County, Texas,* the court examined the same issue for
which Defendant seeks relief in the instant case. *Carr v. Montgomery Cty.*, No. H-13-2795, 2015
U.S. Dist. LEXIS 136560, at *7 (S.D. Tex. Oct. 7, 2015). In *Carr*, the defendant requested the
exclusion of plaintiff's non-retained experts because plaintiff failed to follow Rule 26(a)(2)(C),
requiring a summary of facts or opinions of the experts' anticipated testimony. *Id.* at *7.
Plaintiff initially timely disclosed her experts, including the experts' names, and identified them
as treating providers. *Id.* at *8-9. Plaintiff later supplemented her disclosures after the

defendant filed its motion to exclude. *Id.* After reviewing plaintiff's initial and supplemental disclosures, the court found that the summaries were insufficient and explained: 1) the disclosures merely stated that each expert would opine as to future treatment but did not give any indication as to the providers' views regarding future treatment; 2) failed to identify "particular facts" to support the expert's testimony; and 3) merely referenced the plaintiff's medical records reviewed by the expert and filed with the court. *Id.* The court further opined that the disclosures were deficient under Rule 26(a)(2)(C). *Id.* The court rejected plaintiff's argument that the defendant was not prejudiced by the deficient disclosures. *Id.* After two rounds of deficient disclosures that delayed the case, plaintiff's deficient disclosures stopped opposing counsel from being able to anticipate the expert's testimony and make decisions about how to approach that expert. *Id.* at *11-12. As a result, per Rule 37, the court struck plaintiff's non-retained experts for failure to properly designate pursuant to Rule 26(a)(2)(C). *Id.; see also Tolan v. Cotton*, H-09-1234, 2015 U.S. Dist. LEXIS 121717 (S.D. Tex. Sept. 14, 2015) (excluding non-retained experts where Rule 26(a)(2)(C) summary failed to specify facts to support opinion).

Plaintiff has only provided a blanket list of the subject matter of the testimony that generically applies to all of the providers designated. Rule 26(a)(2)(C) "clearly requires that the subject matter and the summary of facts and opinion must be listed for each disclosed expert witness, not collectively." *Andres v. BP Expl. & Prod.,* No. H-19-622, 2020 U.S. Dist. LEXIS 231765, at *10 (S.D. Tex. June 4, 2020). Plaintiff's collective approach suggests that each expert's opinions will be based on all of the evidence in the case rather than just the medical records they created, which would render them retained experts. Furthermore, the failure to

provide specific information regarding the individual expert's opinions prejudices' the Defendants and is without justification – as "no reasonable person would agree with Plaintiff that the rules allow a massive dump of names to be called as expert witnesses without an individual description of each one's testimony." *Id. See also Velasquez v. Danny Herman Trucking, Inc.,* No. H-14-2791, 2015 U.S. Dist. LEXIS 167331, at *7 (S.D. Tex. Dec. 15, 2015) (generic summary of opinions that applied to all "experts" is insufficient and defendant should not be required to "sift through medical records" to determine which opinion is attributable to each individual expert); *Chavez v. Home Depot USA, Inc.,* No. H-22-1700, 2023 U.S. Dist. LEXIS 165003, at *15 (S.D. Tex. Sep. 18, 2023)(plaintiff's disclosure that consisted only of generic list of topics that non-retained experts would testify to was "plainly insufficient" designation); *see also Erving v. Dallas Hous. Auth.*, 2018 U.S. Dist. LEXIS 157850 at *39 (N.D. Tex. Sept. 17, 2018) (finding disclosure was deficient where it provided "only general topics of testimony, rather than an actual summary of the facts and opinions to which each designated expert witness [was] expected to testify"); *Ingram v. Novartis Pharms. Corp.*, 282 F.R.D. 563, 564 (W.D. Okla. 2012), *order clarified on reconsideration* (June 29, 2012) (designation stating merely that each treating physician was expected to testify "in accordance with" his or her medical records and deposition was insufficient to comply with subsection (C)).

Contrary to the clear mandate in Rule 26(a)(2)(C), Plaintiff failed to identify specific individuals that she would call as experts in this case, failed to identify opinions that each expert would espouse at trial, and failed to identify specific facts supporting those opinions. Dkt. 15. Once the deficiency was raised with plaintiff's counsel, plaintiff's counsel again filed deficient expert disclosures. Dkt. 16. Plaintiff's experts are critical to proving essential elements

of her claim and Defendant, despite multiple attempts to cure these deficiencies with Plaintiff's counsel, has never been provided with the required disclosure necessary to anticipate what additional discovery is needed and what testimony will be elicited at trial. Plaintiff's disclosures fail to comply with Rule 26(a)(2)(C) and the experts should be struck and excluded. Not only are Plaintiff's disclosures plainly deficient, in the absence of excluding the identified experts, Defendant will have no idea what each expert might say at trial, thereby subjecting Defendant to significant and unfair prejudice. The Court should exclude the non-retained experts' opinions under Rule 37.

In the alternative, should the Court not strike Plaintiff's non-retained experts, Defendant requests the non-retained experts' testimony be strictly limited to the verbatim entries contained in each provider's records that have been produced by Plaintiff.

## VI.    CONCLUSION

Plaintiff has failed to fully comply with Rule 26(a)(2)(C) because her expert disclosures 1) fail to identify, by name, each individual expected to testify, 2) lack a summary of the individual experts' opinions, and 3) lack a statement of facts supporting their opinions. Defendant asks this Court to strike Plaintiff's expert disclosures.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By: */s/ Christina Cullom*
Christina Cullom
Assistant United States Attorney
Attorney in Charge
Southern District No. 3825236

Texas Bar No. 24122806
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9962
Fax: (713) 718-3303
E-mail: Christina.Cullom@usdoj.gov

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

Counsel for Defendant attempted to confer with counsel for Plaintiff on October 30, 2023 about the relief requested in this motion. *See* Exhibit 1. Counsel for Plaintiff did not respond to this attempt to confer.

*/s/ Christina Cullom*

Christina Cullom

## CERTIFICATE OF WORD COUNT

I certify that the foregoing motion was prepared using Garamond 13-point typeface and contains 2,434 words. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

*/s/ Christina Cullom*
Christina Cullom
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on February 22, 2024 the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

*/s/ Christina Cullom*
Christina Cullom
Assistant United States Attorney