United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NOEMI ARZATE, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-04108 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

**OPINION AND ORDER**

The combined motion by Defendant United States of America to dismiss certain claims and to enter summary judgment on others is granted. Dkt 27.

This case arises out of a motor vehicle accident in November 2020. See Dkt 1 at ¶6. Plaintiff Noemi Arzate alleges that a postal vehicle "failed to yield the right of way" and "ran the stop sign," resulting in the accident. Ibid. She brought action against the United States under the Federal Tort Claims Act, 28 USC §1346. Id at ¶14. This originally included a claim against the postal employee driving the vehicle, but Arzate has since dismissed him from this suit. Dkt 13.

The United States requested permission to strike as noncompliant the expert disclosures made by Arzate. Dkt 20. She failed to respond. The expert was stricken, with Arzate ordered to show cause why this matter shouldn't be dismissed for want of prosecution. Dkt 21. She stated that counsel "failed to calendar the response deadline" and thus failed to file a response. Dkt 22 at 1. She also purported to provide argument in opposition to the prior motion to strike expert witnesses. Id at 2–3. The United States was ordered to respond to what was in effect

a motion to reconsider. Dkt 23. The United States replied on the merits, noting that Arzate's disclosures failed to specify who exactly might be called and provided no summary of the actual facts and opinions any such testimony would address. Dkt 24 at 1–3. The United States also noted that Arzate failed to ever cure such deficiencies, in addition to the failure to timely respond in the first place. Id at 4. The motion to reconsider was denied both on the merits and for failure to state a justifiable excuse for missing the deadline. Dkt 26 at 1. The United States was also ordered to bring a well-founded motion under Rule 56 or otherwise, if desired. Id at 2.

All of that is background to the filing of the subject dispositive motion. Dkt 27. And again, Arzate didn't file a brief in opposition.

The motion is thus treated as unopposed. Local Rule 7.4. "When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned." *Arias v Wells Fargo Bank, NA*, 2019 WL 2770160, *2 (ND Tex), citing *Black v Panola School District*, 461 F3d 584, 588 n 1 (5th Cir 2006); *Hargrave v Fibreboard Corp*, 710 F2d 1154, 1164 (5th Cir 1983). The motion by the United States will be granted on that basis alone. But a light address of the merits is in order, especially as to the motion for partial summary judgment.

The complaint alleges four causes of action, being (i) negligence when operating the vehicle, (ii) *respondeat superior* regarding negligent hiring of the vehicle operator, (iii) *respondeat superior* regarding negligent entrustment of the motor vehicle, and (iv) gross negligence. Dkt 1 at ¶¶7–12. The motion by the United States addresses the first claim by way of summary judgment and the others by way of motion to dismiss.

*As to the negligence claim,* it pertains on its own terms only to the driver of the vehicle—not the United States. And the driver was dismissed without opposition by Arzate at the initial conference. See Dkt 13. But even if the claim could be construed as against the United States, Arzate is

unable to prove that her alleged damages were proximately caused by the United States, given that she has no experts to put forth. See Dkt 21 (order striking expert disclosures). As noted by the United States, the sort of back and spine injuries apparently alleged by Arzate require the opinion of a medical expert. See Dkt 27 at 14, citing *Carmona v Forrest*, 2023 US Dist Lexis 114518, at *9 (SD Tex) (citation omitted). The United States is also correct that expert testimony is traditionally needed to establish economic damages in terms of past and future medical expenses. Dkt 27 at 14–16, for example citing *Hamburger v State Farm Mutual Auto Insurance Co*, 361 F3d 875, 886 (5th Cir 2004) (as to past medical expenses), and *Gaytan v Dallas Area Rapid Transit*, 2018 Tex App Lexis 3964, at *8 (Tex App—Dallas) (as to future medical expenses). Arzate has neither an expert nor any other evidence submitted to withstand the entry of summary judgment in this regard.

*As to the other claims,* subject-matter jurisdiction is lacking. The FTCA provides a limited waiver of sovereign immunity from suits arising from certain torts committed by federal employees. See *Perea v United States*, 743 Fed Appx 569, 569 (5th Cir 2018). One key limitation to suing the United States under the FTCA is the discretionary-function exception. See *Baron v United States*, 31 F4th 347, 349–50 (5th Cir 2022). Another is the bar on seeking punitive damages. See *Molzof v United* States, 502 US 301, 312 (1992); 28 USC §2674. The claims for negligent hiring, negligent entrustment, and gross negligence all fit within these two exceptions. See Dkt 27 at 9–12. As such, the United States hasn't waived its sovereign immunity with respect to this action.

The motion by Defendant United States of America to dismiss certain claims and to enter summary judgment on the others is GRANTED. Dkt 27.

This action will be dismissed and final judgment entered by separate order.

SO ORDERED.

Signed on February 24, 2025, at Houston, Texas.

     *CREskridge*
Hon. Charles Eskridge
United States District Judge