UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NOEMI ARZATE**<br>*Plaintiff,* | §<br>§<br>§ | |
| vs. | §<br>§<br>§ | C.A. No. 4:22-cv-04108<br>**(JURY)** |
| **UNITED STATES OF AMERICA**<br>*Defendant.* | §<br>§<br>§ | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMES NOW**, NOEMI ARZATE, PLAINTIFF, hereinafter "Plaintiff", and respectfully files this Motion for Reconsideration and would respectfully show unto the Honorable Court the following:

### I.   Background Facts

On or about November 28, 2020, Plaintiff was traveling on 7300 Chimney Rock and 5400 Aspen St. when Mr. Watkins, while under the course and scope of his employment with Defendant United States of America, failed to yield the right of way, ran the stop sign and violently t-boned Plaintiff's vehicle. Defendant failed to exercise reasonable care and such failure proximately caused the collision in question. Defendant's failure to exercise reasonable care caused Plaintiff's damages.

1

Subsequently, Defendant moved to strike Plaintiff's Expert Disclosures and claimed that the information provided did not comply with Federal Rule of Civil Procedure 26(a)(2)(C).  Although it was Plaintiff's position that the information in its designation of expert witnesses complied with Federal Rule of Civil Procedure 26(a)(2)(C), Plaintiff supplemented their designations with additional information and provided the specific witnesses that would testify for each medical provider.  *See* Doc. No. [16].  Defendant still claimed that they did not have sufficient information, and the Honorable Court granted Defendant's motion to strike.

Thereafter, Defendant moved for summary judgment on Plaintiff's negligence claim and moved to dismiss Plaintiff's negligent entrustment, negligent hiring and gross negligence claims.  The only argument made as to Plaintiff's negligence claim was Plaintiff's ability to establish her damages.

Accordingly, Plaintiff's only ask the Honorable Court to reconsider its Order granting summary judgment.

## II.   Argument & Authorities

**A.   Plaintiff's Motion for Reconsideration**

This court construes a motion for reconsideration filed within 28 days of final judgment as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment.  *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 884 (5th Cir. 2016); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.7 (5th Cir.

2

2010)."  A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

B.    **Defendant's Motion for Summary Judgment**

"This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court."  *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005).  "Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *United States v. Nature's Way Marine, L.L.C.*, 904 F.3d 416, 419 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).

The Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition.  *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995).  The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed.  *See Powell*, 2001 WL 1910556, at *5-6.

> ### *i.     Federal Tort Claims Act*

The Federal Tort Claims Act (FTCA) allows plaintiffs to seek damages from the United States for certain torts committed by federal employees.  28 U. S. C. §§1346(b), 2674.  The United States "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941).  Similarly, because the Postal Service is "an independent establishment of the executive branch of the Government of the United States," it too "enjoys federal sovereign immunity absent waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84, 126 S. Ct. 1252, 163 L. Ed. 2d 1079 (2006) (internal quotations and citations omitted).  The FTCA constitutes a limited waiver of sovereign immunity, and generally waives the Postal Service's sovereign immunity for "tort claims arising out of activities of the Postal Service." *United States v. Orleans*, 425 U.S. 807, 813, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976); 39 U.S.C. § 409(c).

Plaintiff does not dispute the Court's Order granting the dismissal of Plaintiff's negligent hiring, negligent entrustment and gross negligence claims. Plaintiff only disputes the summary judgment order as to Plaintiff's negligence claim as Plaintiff is able to establish her damages that were directly and proximately caused by the crash with Defendant.

### ii.   *A genuine issue of material fact exists.*

The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC v. Kenyon,* 644 S.W.3d 137, 144 (Tex. 2022).

Under Texas law, "lay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733, 27 Tex. Sup. Ct. J. 501 (Tex. 1984). "Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Id.* Therefore, in determining whether lay testimony is sufficient to prove causation, Texas courts look at the nature of the lay testimony and the nature of the injury. *Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875 (5th Cir. 2004).

Here, Defendant moved for summary judgment on the sole basis that Plaintiff could not prove her damages. Plaintiff's lack of response did not automatically trigger Defendant's motion to be granted. Certainly, fact issues existed has to Plaintiff's damages and injuries. A fact issue also existed has to liability – Defendant had not stipulated to liability – as Defendant's driver was under the course and scope of his employment with Defendant at the time of the crash. Additionally, Plaintiff

5

herself could have testified as to the treatment she received and her pain and injuries that began following the crash with Defendant's mail truck. Plaintiff is also able to submit her pain and suffering and mental anguish to the jury for consideration. Thus, a genuine issue of material facts existed as to Plaintiff's damages at the time of Defendant's motion for summary judgment.

Moreover, Plaintiff supplemented her expert designations on October 17, 2023. This supplementation was specific as to the person from each facility that would be testifying as to Plaintiff's medical and billing records. There was no surprise or prejudice to Defendant, and Defendant was on notice of the persons who would testify. *See* Doc. No. [16].

Thus, Plaintiff is able to testify as to her experiences and treatment following the crash, submit pain and suffering and mental anguish to the jury, and Defendant's motion for summary judgment was improperly granted. Additionally, Plaintiff had sufficiently provided the expert witness designation information required by the Federal Rules of Civil Procedure, Defendant was aware of specific witnesses that would testify, and Plaintiff's experts should not have been struck. Accordingly, Plaintiff respectfully requests the Honorable Court reconsider its order granting Defendant's motion for summary judgment and reinstate this matter so that it may proceed to a jury trial on the merits.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Plaintiff's Motion for Reconsideration be granted, the Honorable Court withdraw the summary judgment order, place this matter on the Court's trial docket, and for such relief, both in law and in equity, that this Court establishes Plaintiff is entitled to.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

*/s/ R. O. Cantu*

By: _____
Clive Markland
Federal Id. No. 585658
State Bar No. 24027475
Rob O. Cantu
Federal Id. No. 3180919
State Bar No. 24094580
Alejandra Munoz Torres
Federal Id. No. 3633063
State Bar No. 24108858
2555 N. MacGregor Way
Houston, Texas 77004
713.630.0900 (Telephone)
713.630.0991 (Fax)
cm@robertsmarkland.com
rc@robertsmarkland.com
am@robertsmarkland.com
eservice@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the forgoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 20th day of March 2025.

***Via CM/ECF***

                                                ***/s/ Alejandra Muñoz Torres***
                                                Alejandra Muñoz Torres