**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NOEMI ARZATE, | § | CIVIL ACTION NO. |
| | § | 4:22-cv-4108 |
| Plaintiff, | § | |
| | § | |
| v. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Defendant, United States of America, by its attorneys, hereby responds in opposition to Plaintiff's Motion for Reconsideration. In support thereof, Defendant states as follows:

### I.   NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed the instant lawsuit against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and she asserted claims of negligence, *respondeat superior*, negligent entrustment of a motor vehicle, negligent hiring, and gross negligence. Dkt. 1. Plaintiff's expert disclosures were stricken. Dkts. 23 & 26. Defendant then filed a combined partial motion to dismiss and partial motion for summary judgment. Dkt. 27. In said motion, Defendant sought dismissal of Plaintiff's claims of negligent entrustment of a motor vehicle, negligent hiring, and gross negligence because the FTCA does not waive sovereign immunity for discretionary acts, nor does it authorize punitive damages. Defendant also moved for partial summary judgment on Plaintiff's negligence claim because,

1

without experts, she cannot meet her burden of proof. Plaintiff concedes that she did not file a response to Defendant's motion. The Court, therefore, treated the motion as unopposed and granted the Defendant's motion. Dkt. 28.

Plaintiff has limited her Motion to Reconsider to challenge only "the summary judgment order as to Plaintiff's negligence claim as Plaintiff is able to establish her damages that were directly and proximately caused by the crash with Defendant." Dkt. 30 at p. 4. Plaintiff is incorrect on the merits and the law.

## II.   LEGAL STANDARD

### A. FRCP 59(e)

To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). While a district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See id.* Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

### III.  ARGUMENT

**Plaintiff has failed to satisfy the requirements of FRCP 59(e)**

Plaintiff has failed to identify an intervening change in the law, new evidence, or a manifest error of law or fact that would support reconsideration of the Court's order granting Defendant's partial motion for summary judgment. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Instead, in an attempt to avoid the consequences of failing to respond to Defendant's Partial Motion for Summary Judgment, she improperly raises arguments that could have been raised before the entry of judgment. *See Romanowski v. Wells Fargo Bank, N.A., Civil Action No. 3:18-CV-1567-D, 2019 U.S. Dist. LEXIS 126529, at \*3 (N.D. Tex. 2019)* (plaintiff's motion for reconsideration after failing to respond to defendant's motion for summary judgment is denied)

Plaintiff first argues that "[t]he Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition", citing to *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). Plaintiff fails to inform the Court that this footnote in *Hetzel* also states that though the district court dismissed the summary judgment motion as unopposed, the district court addressed the merits of the motion as an alternative holding and therefore there was no reversable error. *Id.* Here, the Court addressed the merits of Defendant's unopposed motion and correctly held that "Arzate is unable to prove that her alleged damages were proximately caused by the United States, given that she has no experts to put forth.". Dkt. 28 at 3. This Court correctly noted that a plaintiff who fails to respond to a summary judgment motion has abandoned her claims and has therefore failed to meet her burden of raising a genuine dispute of material fact with respect to any claim.

*Flowers v. Deutsche Bank Nat'l Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) ("The failure to respond to a summary judgment motion leaves the movant's facts undisputed. The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law." (internal citation omitted)); *Arias v Wells Fargo Bank, NA*, 2019 U.S. Dist. LEXIS 110317, *6 (N.D. Tex. 2019), *citing Black v Panola School District,* 461 F3d 584, 588 n 1 (5th Cir 2006).

Plaintiff's second argument, in a belated attempt to create a factual dispute, is that "fact issues existed as to Plaintiff's damages and injuries". Dkt. 30 at 5-6. However, Plaintiff failed to prove that a fact issue existed that would preclude summary judgment when she failed to respond to Defendant's Motion for Summary Judgment. "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

Additionally, Plaintiff's argument regarding a fact issue on causation is without merit. As this Court correctly noted, Plaintiff's claimed injuries require expert testimony to prove causation. Dkt. 28 at 3; *Carmona v. Forrest*, No. H-20-3922, 2023 U.S. Dist. LEXIS 114518, at *9 (S.D. Tex. Jun. 15, 2023) (quoting *Lara v. Bui*, No. 01-21-00484-CV, 2023 Tex. App. LEXIS 1269, at *16-17 (Tex. App.—Houston [1st Dist] Feb. 28, 2023, pet. denied) (collecting cases holding that diagnoses such as bulging and herniated discs, lumbar strain and neuritis, intervertebral disc disorders, and soft tissue back and neck injuries were outside common knowledge and required expert evidence of causation). Since Plaintiff's experts have been

struck, (Dkts. 23, 26), as a matter of law, she cannot prove an essential element of her negligence claim—causation.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Reconsideration.

    Respectfully submitted,

    NICHOLAS J. GANJEI
    United States Attorney

    By: */s/ Christina Cullom*
    Christina Cullom
    Assistant United States Attorney
    Attorney in Charge
    Southern District No. 3825236
    Texas Bar No. 24122806
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Tel: (713) 567-9962
    Fax: (713) 718-3303
    E-mail: Christina.Cullom@usdoj.gov

## CERTIFICATE OF WORD COUNT

I certify that the foregoing motion was prepared using Garamond 13-point typeface and contains 1,050 words. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

    */s/ Christina Cullom*
    Christina Cullom
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that, on March 25, 2025, the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

                                              */s/ Christina Cullom*
                                              Christina Cullom
                                              Assistant United States Attorney